IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JACOB B. PATTERSON, individually )
and on behalf of all others similarly situated, )
       Plaintiff, )
        )
       vs )  Civil Action No. 07-1161
        )
DENNY'S CORPORATION; DFO, LLC; )
and WBF ENTERPRISES, INC., )
       Defendants. )

MEMORANDUM AND OPINION

MITCHELL, Magistrate Judge:

      Presently before the Court is a motion to dismiss the amended complaint filed by defendants Denny's Corporation ("Denny's") and DFO, LLC ("DFO"). For reasons discussed below, the defendants' motion to dismiss (Document No. 12) will be denied.

      The plaintiff, Jacob B. Patterson, filed an amended complaint on behalf of himself and all others similarly situated, alleging that Denny's, DFO, and WBF Enterprises, Inc. ("WBF") willfully violated the Fair and Accurate Credit Transactions Act, 15 U.S.C. §§ 1681, et seq. ("FACTA").[1] The plaintiff contends that the defendants violated FACTA when on July 12, 2007, he was presented with an electronically printed receipt at a Denny's Restaurant located at 2079 E. State Street in Hermitage, PA, as the receipt contained the expiration date of his Visa card and was presented to him at the point of sale.[2]

---

1. As for WBF, the plaintiff is still attempting to effectuate service of process upon it.

2. See, amended complaint at ¶ 70.

FACTA provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction."  15 U.S.C. § 1681c(g)(1).  In the transaction at issue here, the plaintiff contends that WBF "was acting as an entity that accepts credit cards or debit cards for the transaction of business", while Denny's and DFO "exercised actual control over the operation of WBF in all material respects."[3]

In identifying the relationship of the defendants, the plaintiff asserts that WBF is a franchisee of Denny's which operated the Denny's restaurant at 2079 E. State Street in Hermitage, PA; that DFO is a wholly-owned subsidiary of Denny's; and that Denny's, through its operating subsidiaries, including DFO, "exercises actual control over the Companies franchise operations."[4]  Based on the defendants' complained-of acts, the plaintiff seeks statutory damages, punitive damages, costs and attorneys' fees.[5]  The Court's federal question jurisdiction is invoked.

Denny's and DFO have moved to dismiss the amended complaint for failure to state a claim against them.  They argue that as pled in the amended complaint, neither Denny's nor DFO printed the receipt and provided it to the plaintiff; rather, it was WBF that provided him with the receipt that allegedly violated FACTA.  According to Denny's and DFO, FACTA only applies to an entity that prints and provides the customer receipt, not to entities who allegedly exercise control over that entity's operations, as FACTA does not encompass vicarious liability

---

3.  Id.

4.  Id. at ¶¶ 10-13.

5.  FACTA provides statutory damages "of not less than $100 and not more than $1,000" for a willful violation of the Act.  15 U.S.C. § 1681n(a)(1)(A).

2

in this instance.

In reviewing a motion to dismiss, all well-pleaded allegations of the complaint must be accepted as true and viewed in a light most favorable to the non-movant. Estelle v. Gamble, 429 U.S. 97 (1976).[6] To survive a motion to dismiss, a complainant's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). A complaint will be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

In their memorandum in support of their motion to dismiss, Denny's and DFO assert that they are unaware of any reported decisions construing which "persons" can be liable under FACTA.[7] The parties agree that in case law interpreting vicarious liability under both

---

6. In support of their motion to dismiss, Denny's and DFO have submitted the affidavit of Timothy E. Flemming, their Vice President and General Counsel/Assistant General Counsel. Attached to Mr. Flemming's affidavit are documents titled "Consent to Assignment of Franchise Agreement" and "DFO, Inc. Franchise Agreement". However, in ruling on the defendants' motion to dismiss, we have not considered Mr. Flemming's affidavit, or the documents attached thereto. That is because in deciding a motion to dismiss, "'courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.'" Dixon v. Golden-Masano–Bradley Law Firm, 228 Fed.Appx. 142, 143 (3d Cir. 2007), quoting Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). In addition, "a court 'may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.'". Id. "It is reversible error for a district court to convert a motion to dismiss pursuant to Rule 12(b)(6) 'into a motion for summary judgment unless the court provides notice of its intention to convert the motion and allows an opportunity to submit materials admissible in a summary judgment proceeding or allows a hearing.'". Dixon, supra, 228 Fed.Appx. at 143, quoting Rose v. Bartle, 871 F.2d 331, 342 (3d Cir. 1989).

7. FACTA was enacted in 2003, and it became part of the statutory scheme of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA"). In the context of a FACTA action, we have found no reported cases which address the issue of vicarious liability in the realm of a franchisor-franchisee relationship. While FCRA provides no statutory basis for vicarious liability, courts have held that corporations can be vicariously liable for FCRA violations
(continued...)

federal statutes and state common law in the franchise context, the decisive issue is whether a franchisor exercises control over the franchisee's business operations. See, e.g., Drexel v. Union Prescription Centers, Inc., 582 F.2d 781, 785-786 (3d Cir. 1978) ("Whether the control retained by the franchisor is... sufficient to establish a master-servant relationship depends in each case upon the nature and extent of such control as defined in the franchise agreement or by the actual practice of the parties").

In opposing the motion to dismiss, the plaintiff has submitted an excerpt from Denny's 10-K Report filed with the Securities and Exchange Commission for the fiscal year ended December 27, 2006 which discusses its "franchising" operation in part as follows:

> The Denny's system is approximately one-third company-operated and two-thirds franchised...
>
> A network of regional franchise operations managers oversee our franchised restaurants to ensure compliance with brand standards, promote operational excellence, and provide general support to our franchisees. These managers visit each franchised unit an average of two to four times per quarter.[8]

Significantly, the plaintiff contends that Denny's and DFO exercised actual control over the franchise operation of WBF in all material respects.[9] Accepting this allegation

---

7. (...continued)
committed by their agents under common law agency principles, such as on a theory of apparent authority. See, Jones v. Federated Financial Reserve Corp., 144 F.3d 961, 964-966 (6th Cir. 1998); Yohay v. City of Alexandria Employees Credit Union, Inc., 827 F.2d 967, 972-973 (4th Cir. 1987); and in a FACTA case, Edwards v. Toys "R" Us, 2007 WL 4305928, *8-*10 (C.D.Cal., Nov. 5, 2007).

8. See, Exhibit A to the plaintiff's brief opposing the motion to dismiss.

9. See, amended complaint at ¶¶ 13 and 70.

as true and viewing it in a light most favorable to the plaintiff, we cannot say that the amended complaint fails to state a viable claim against the movants.

        An appropriate Order will be entered.

## O R D E R

AND NOW, this 30th day of January 2008, for the reasons set forth in the Court's Memorandum and Opinion,

IT IS ORDERED that the motion to dismiss the amended complaint filed by defendants Denny's and DFO (Document No. 12) is denied.

s/ ROBERT C. MITCHELL  
United States Magistrate Judge